UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MIGHTY GOOD SOLUTIONS, LLC )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>UNIVERSAL GP PRODUCTS, LLC )<br>Serve at: )<br>854 Edgemont Park )<br>Grosse Pointe Park, MI 48238 )<br>)<br>)<br>    Defendant. ) | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Mighty Good Solutions, LLC ("Mighty Good"), and for its Complaint against Defendant Universal GP Products, LLC ("Universal"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Mighty Good is, and at all times material hereto was, a limited liability company organized and existing under the laws of the State of Kansas, with its principal place of business in Jackson County, Missouri. It is a citizen of the State of Missouri.

2. Upon information and belief, Universal, is, and at all times material hereto was, a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business in Grosse Point Park, Michigan. Universal is a citizen of the State of Michigan and conducts business within the State of Missouri.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Universal is a citizen of the State of Michigan.

## FACTUAL BACKGROUND

5. Mighty Good is a consumer-packaged goods company that specializes in manufacturing within the United States and producing, among other things, household goods.

6. Upon information and belief, Universal holds itself out as a retail and wholesale supplier of various goods.

7. In the Spring of 2020, Universal approached Mighty Good and informed Mighty Good that it would be able to supply Mighty Good with certain pumps required by Mighty Good with respect to bottles of hand sanitizer being produced by Mighty Good.

8. Universal represented that it had ready access to the specific type of pump that Might Good required.

9. Universal went on to represent that it had the ability to deliver the requested pumps within two weeks and that Universal could be Mighty Good's exclusive supplier of the required pumps.

10. Based on these representations, Mighty Good ordered nearly 1.5 million of a specific type of pump – the "28-400" pump.

11. Universal accepted the order and represented and agreed that the 28-400 pumps ordered by Mighty Good would be delivered within two weeks.

12. Universal charged Mighty Good $0.653 per pump and Mighty Good paid Universal the total sum of $966,700.

13. The transactions with Universal were documented by purchase orders. The purchase orders are attached hereto as **Exhibit A**.

14. Although Universal promised to deliver the pumps within two weeks per the terms of the parties' agreement, Universal failed to do so.

15. Additionally, when Universal did deliver pumps, which was several weeks later, Universal delivered far fewer pumps than it had promised and the pumps were the wrong size.

16. Far from the nearly 1.5 million pumps ordered, Universal delivered only 845,000 pumps.

17. Further, the pumps Universal delivered were not the "28-400" pumps that were ordered. Instead, Universal delivered "28-410" pumps.

18. The fact that Universal delivered the wrong sized pumps was significant. The 28-410 pumps were not compatible with the bottles that Mighty Good was using for the hand sanitizer.

19. In order to use the incorrect pumps delivered by Universal and to get the pumps to fit securely, Mighty Good was forced to include an extra piece.

20. This created additional costs for Mighty Good and also delayed the production of the hand sanitizer.

21. Although Mighty Good has requested a refund for the pumps that were never delivered, Universal has refused to process the refund. Additionally, Universal has failed to arrange to retrieve the incorrect pumps that it delivered.

22. As a result of Universal's breaches and non—performance, Mighty Good has been damaged.

**COUNT I**
**Breach of Contract**

23. Mighty Good hereby restates and incorporates the allegations set forth above as if fully restated herein.

24. In May and June, Universal and Mighty Good entered into an agreement, in which Universal promised to sell and Mighty Good promised to pay for certain pumps as described above. *See* **Exhibit A**.

25. Pursuant to the Purchase Orders, an agreed upon quantity of a certain type of pump sized "28-400" was to be delivered to Mighty Good within two weeks.

26. The agreement between the parties is binding and supported by valid consideration.

27. Per the agreement, Mighty Good paid Universal for "28-400" pumps.

28. Despite this, Universal has breached its agreement by providing the wrong type of product and did not provide the product at the time provided for and agreed to by the parties.

29. Universal has accepted payment.

30. Mighty Good has performed its obligations and conditions precedent with respect to the agreement and is entitled to enforce the agreement.

31. Mighty Good has been damaged by Universal's breach.

WHEREFORE, Plaintiff Mighty Good respectfully requests that a Judgment be entered in its favor and against Universal on Count I of this Complaint in an amount to be determined in this proceeding, for its costs to obtain relief in this action including reasonable expenses and attorneys' fees, for all interest to which it is legally entitled, and for such other and further relief as is deemed proper under the circumstances.

## COUNT II
**Unjust Enrichment**

32. Mighty Good hereby restates and incorporates the allegations set forth above as if fully restated herein.

33. Mighty Good conferred a benefit on Universal by transferring or paying it over $900,000 which this amount was to be payment for certain pumps.

34. Universal has been enriched by this benefit in that it has withheld and retained funds from Mighty Good and has not delivered the product required.

35. Universal appreciated, accepted and retained the benefits, including by withholding and taking funds in excess of any amount due to Universal and by wrongfully retaining amounts that were to be promptly remitted to suppliers as set forth herein.

36. In these circumstances, the retention of such amounts is inequitable.

WHEREFORE, Plaintiff Mighty Good respectfully requests that a Judgment be entered in its favor and against Universal on this Count II of this Complaint in an amount to be determined in this proceeding, for its costs to obtain relief in this action including reasonable expenses and attorneys' fees, for all interest to which it is legally entitled, and for such other and further relief as is deemed proper under the circumstances.

## COUNT III
### Fraudulent Inducement

37. Universal alleges and incorporates by reference the allegations set forth above as it fully restated herein.

38. During its sales pitch to Mighty Good and the negotiation of their agreement, Universal made numerous false representations to Mighty Good (the "Misrepresentations"), including but not limited to the fact that it was ready and able to provide the specific types of pumps Plaintiff needed for its own products by June 5, 2020.

39. The Misrepresentations were false.

40. Universal knew that the Misrepresentations were false at the time they were made to Mighty Good.

41. Universal made each Misrepresentation with the intent that the Mighty Good would rely on it in entering the Agreement.

42. Mighty Good did not know that the Misrepresentations were false, nor did it have any reason to believe the Misrepresentations were false.

43. The Misrepresentations were material to Mighty Good's decision to enter the Agreement.

44. Mighty Good had the right to rely on the Misrepresentations as true and did, in fact, rely on the truth of the Misrepresentations in deciding to enter into the Agreement. Its reliance was reasonable under the circumstances.

45. As a direct and proximate result of the fraudulent Misrepresentations, Mighty Good was damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff Mighty Good respectfully requests that a Judgment be entered in its favor and against Universal on this Count III of this Complaint in an amount to be determined in this proceeding, for its costs to obtain relief in this action including reasonable expenses and attorneys' fees, for all interest to which it is legally entitled, and for such other and further relief as is deemed proper under the circumstances.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:   /s/ Meghan M. Lamping
      Meghan M. Lamping, #59987MO
      120 South Central Avenue, Suite 1800
      St. Louis, Missouri 63105
      Telephone (314) 854-8600
      Facsimile (314) 854-8660
      mml@carmodymacdonald.com

Attorneys for Plaintiff